# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SHFL ENTERTAINMENT, INC., a Minnesota corporation,

        Plaintiff,

vs.

DIGIDEAL CORPORATION, a Nevada corporation,

        Defendants.

Case No.: 2:12-cv-01782-GMN-VCF

**ORDER**

Pending before the Court is the Motion to Set Aside Clerk's Entry of Default (ECF No. 36) filed by Defendant Digideal Corporation ("Defendant").  Plaintiff SHFL Entertainment, Inc. ("Plaintiff") filed a Response (ECF No. 42) and Defendant filed a Reply (ECF No. 44).

Also pending before the Court is the Motion for Default Judgment (ECF No. 43) filed by Plaintiff.  Defendant filed a Response (ECF No. 45) and Plaintiff filed a Reply (ECF No. 48).

Finally, pending before the Court is the Motion for Hearing re: Motion for Default Judgment (ECF No. 46) filed by Defendant.  Plaintiff filed a Response (ECF No. 47) and Defendant filed a Reply (ECF No. 49).

## I.   BACKGROUND

Plaintiff commenced the instant action on October 10, 2012, when it filed its Complaint. (Compl., ECF No. 1.)  In its Complaint, Plaintiff claims that Defendant infringes two United States patents of which Plaintiff is the sole owner. (*Id.* ¶¶ 6-7.)  Specifically, Plaintiff alleges that Defendant infringes United States Patent Nos. 6,651,982, entitled "Card Shuffling Apparatus With Integral Card Delivery" and United States Patent No. 7,523,935 also entitled "Card Shuffling Apparatus With Integral Card Delivery." (*Id.*)

In response to Plaintiff's Complaint, on December 3, 2012, Defendant filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 10.) Thereafter, on December 10, 2012, Plaintiff filed an Emergency Motion to Disqualify Defendant's Counsel of Record, Richard H. Newman ("Newman") and the law firm Howard & Howard. (ECF No. 15.)  In that motion Plaintiff requested that Newman be disqualified as defense counsel because of his previous employment with Plaintiff SHFL, as in-house counsel for intellectual property. (Mot. to Disqualify 5:1-8:2, ECF No. 15.)  Defendant opposed Plaintiff's motion to disqualify. (ECF No. 20.)  On January 16, 2013, Magistrate Judge Ferenbach granted Plaintiff's Motion to Disqualify. (ECF No. 27.)  At that point, Defendant was without counsel.  However, Judge Ferenbach's Order did not set a deadline by which Defendant was required to obtain new counsel. (*See* ECF No. 27.)

On February 7, 2013, approximately three weeks after Judge Ferenbach entered his Order disqualifying Defendant's counsel, Plaintiff filed a Motion for Entry of Clerk's Default. (ECF No. 28.)  Two weeks later, on February 21, 2013, attorney Marie W. Martin-Kerr entered an appearance on behalf of Defendant. (ECF No. 29.)  On that same day, Defendant filed a Response in opposition to Plaintiff's Motion for Entry of Default. (ECF No. 32.)  On March 4, 2013, Plaintiff filed its Reply to Plaintiff's opposition. (ECF No. 33.)  Despite Defendant's opposition, the Clerk of Court entered default on March 6, 2013, due to a clerical error. (ECF No. 34.)

On March 7, 2013, the day following the Clerk's Entry of Default, Defendant filed the instant Motion to Set Aside Clerk's Entry of Default. (ECF No. 36.)  Plaintiff opposes this motion. (ECF No. 42.)  Additionally, on March 25, 2013, Plaintiff filed a Motion for Default Judgment. (ECF No. 43.)  Finally, on April 15, 2013, Defendant filed a Motion for Hearing re: Motion for Default Judgment. (ECF No. 46.)

/ / /

## II. LEGAL STANDARD

Rule 55(a) of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Furthermore, under Rule 55(c), "[t]he court may set aside an entry of default for good cause . . .." Fed. R. Civ. P. 55(c). "To determine 'good cause', a court must 'consider[ ] three factors: (1) whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether [it] had [no] meritorious defense; or (3) whether reopening the default judgment would prejudice' the other party." *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (citation omitted). A determination that one of these three factors is present "is sufficient reason for the district court to refuse to set aside the default." *Id.* However, a clerk's entry of default is "void *ab initio*" if the purported defaulting party actually appeared in the action. *Franchise Holding II, LLC v. Huntington Rests. Grp., Inc.*, 375 F.3d 922, 927 (9th Cir. 2004) (citation omitted). Above all, "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d at 1091 (citation omitted).

## III. DISCUSSION

In this case, the Court finds good cause to set aside the Clerk's Entry of Default against Defendant. Specifically, Defendant cannot be said to have failed to defend itself as required by Rule 55(a) because Defendant filed a Motion to Dismiss on December 3, 2012, more than two months before Plaintiff filed its Motion for Clerk's Entry of Default. Defendant also vigorously opposed Plaintiff's later filed Emergency Motion to Disqualify Defendant's Counsel of Record. It was not until three weeks after Defendant's attorney was disqualified that Plaintiff sought the Clerk's Entry of Default. Defendant's absence continued for approximately

thirty-five days after its attorney was disqualified, during which Defendant was working on retaining replacement counsel. For these reasons, the clerk's entry of default in this case is "void *ab initio*"; Defendant repeatedly appeared to defend itself in this action prior to the entry of default.

Plaintiff argues that Defendant "failed to defend itself by ignoring the Court's January 3, 2013 Order to participate in a Rule 26(f) Conference." (Pl.'s Resp. 1:17-18, ECF No. 42.) However, even if Defendant did violate a court order, clerk's entry of default is not the appropriate remedy. As stated in Rule 55(a), a clerk's entry of default is appropriate only when a party fails to plead or otherwise defend. This condition is not met here. Accordingly, Plaintiff's near frivolous arguments opposing Defendant's Motion to Set Aside the Clerk's Entry of Default are unavailing and Defendant's Motion (ECF No. 36) is GRANTED. Furthermore, because the Court is setting aside the Clerk's Entry of Default, Plaintiff's Motion for Default Judgment (ECF No. 43) and Defendant's Motion for Hearing on Plaintiff's Motion for Default Judgment (ECF No. 46) are DENIED as MOOT.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Set Aside Clerk's Entry of Default (ECF No. 36) filed by Defendant Digideal Corporation is **GRANTED**.

**IT IS FURTHER ORDERED** that the Motion for Default Judgment (ECF No. 43) filed by Plaintiff SHFL Entertainment, Inc. is **DENIED as moot**.

**IT IS FURTHER ORDERED** that the Motion for Hearing re: Motion for Default Judgment (ECF No. 46) filed by Defendant Digideal Corporation is **DENIED as moot**.

**DATED** this 9th day of May, 2013.

_____
Gloria M. Navarro
United States District Judge