**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| SHFL ENTERTAINMENT, INC, | ) | 2:12-cv-01782-GMN-VCF |
| Plaintiff, | ) ) | **AMENDED O R D E R** |
| vs. | ) ) | |
| DIGIDEAL CORPORATION, | ) ) | [Joint Motion for Consideration of Issues Raised in Stipulated Protective Order (#52)] |
| Defendant. | ) ) ) | |

Before the court is the parties' Joint Motion for Consideration of Issues Raised in Stipulated Protective Order. (#52).

The parties request the court to amend the Stipulation Protective Order (#41) and resolve the disputes as identified in the parties' Proposed Protective Order (#40). *Id.*

According and for Good Cause Shown,

IT IS HEREBY ORDERED that the parties' Joint Motion for Consideration of Issues Raised in Stipulated Protective Order (#52) is GRANTED.

IT IS FURTHER ORDERED that the following Amended Protective Order applies:

This order reminds counsel that there is a presumption of public access to judicial files and records. Section 13.4 of the parties' stipulation, "Filing Protected Material," properly sets forth the procedure to electronically file documents under SEAL in accordance with Local Rule 10-5. (#40). The section omits, however, any reference to the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) regarding filing confidential documents or utilizing confidential documents at trial. *Id.* The court issues this order to clarify that the parties must adhere to those directives as set forth below.

A party seeking to file a confidential document or utilize a confidential document at trial must comply with the Ninth Circuit's directives in *Kamakana*, 447 F.3d 1172:

> Unless a particular court record is one "traditionally kept secret," a "strong presumption in favor of access" is the starting point. ... A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the "compelling reasons" standard. ... that is, the party must "articulate[ ] compelling reasons supported by specific factual findings," that outweigh the general history of access and the public policies favoring disclosure ....
>
> In general, "compelling reasons" sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such "court files might have become a vehicle for improper purposes," such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. ... The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records.

*Id.* at 1178-79 (citations omitted).

To justify the sealing of discovery materials attached to non-dispositive motions, a particularized showing of good cause is required. *Id.* at 1180. To justify the sealing of discovery materials attached to dispositive motions or used at trial, however, a higher threshold is required: a particularized showing that *compelling reasons* support secrecy. *Id.* "A 'good cause' showing will not, without more, satisfy a 'compelling reasons' test." *Id.* When private discovery materials are attached to a dispositive motion (or response or reply) or used at trial, such materials become a part of a judicial record, and as such "are public documents almost by definition, and the public is entitled to access by default." *Id.*

Accordingly, and for good cause shown,

**IT IS ORDERED** that:

1.    The parties must comply with the Ninth Circuit's decision in *Kamakana,* 447 F.3d 1172, with respect to any documents filed under seal or used at trial

2.    The parties' Stipulation and Proposed Protective Order (#40), as modified to include this requirement and signed by the court, is **APPROVED.**

Dated this 24th day of May, 2013.

_____
**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**

Kimball R. Anderson (admitted *pro hac vice*)
kanderson@winston.com
Howard I. Shin (admitted *pro hac vice*)
hshin@winston.com
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
Telephone: 312-558-5600
Facsimile: 312-558-5700

James J. Pisanelli, Esq., Bar No. 4027
JJP@pisanellibice.com
Christopher R. Miltenberger, Esq., Bar No. 10153
CRM@pisanellibice.com
Eric T. Aldrian, Esq., Bar No. 11897
ETA@pisanellibice.com
PISANELLI BICE PLLC
3883 Howard Hughes Parkway, Suite 800
Las Vegas, Nevada 89169
Telephone: 702-214-2100
Facsimile: 702-214-2101

*Attorneys for Plaintiff SHFL entertainment, Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SHFL ENTERTAINMENT, INC., a Minnesota corporation,<br><br>               Plaintiff,<br><br>     v.<br><br>DIGIDEAL CORPORATION, a Nevada corporation,<br><br>               Defendant. | Case No.: 2:12-cv-01782-GMN-(VCF)<br><br>**AMENDED STIPULATED PROTECTIVE ORDER** |

1. <u>INTRODUCTION</u>

  The parties to this action have met and conferred regarding the Proposed Protective Order in this case and respectfully submit herewith the provisions to which they have agreed and alternative positions on two provisions on which the parties have been unable to reach agreement. The parties respectfully request that the Court resolve the dispute involving the two provisions identified below.

Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL 60601-9703

1

1    In summary, the parties have agreed upon all provisions set forth in this Proposed Protective

2    Order with the exception of: 1) the designation and disclosure to "Designated House Counsel" of

3    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items [¶¶ 2.4, 7.3(b)];

4    and 2) the retention of archival copies of all case documents from this case after the final disposition

5    of this action [¶14].  The proposed provision of each party is identified and set forth below in the

6    respective Paragraphs.

7    The provisions set forth in Paragraphs 2.4, 7.3, and 14 are taken from the Model Protective

8    Order for patent cases in the U.S. District Court for the Northern District of California.  The footnote

9    to Paragraph 7.3(b) has been omitted as it is not anticipated that the disclosure of source code will be

10   involved in this action.  The position of Plaintiff SHFL is that the model order sets forth

11   presumptively reasonable conditions for the protection of produced Information or Items and that a

12   departure from the provisions in these paragraphs as written is not warranted.

13   Defendant DigiDeal proposes that Paragraphs 2.4 and 7.3(b) be omitted in their entirety and

14   that the final sentence of Paragraph 14 be stricken as indicated in the respective Paragraphs below.

15   The position of DigiDeal is: Digideal has repeatedly asked to provide Plaintiff to support for its

16   position that competitive, financial information and information regarding prototypes and other non-

17   public information should go to a competitor.  In response, Plaintiff identified personnel to whom it

18   intended upon giving such information.  The persons identified are decision-making personnel who,

19   while attorneys, are in positions which go beyond the practice of law, but rather, are tasked with

20   implementing product direction and competitive analysis.  Sharing such information between

21   competitors in this manner would invite antitrust scrutiny.

22   2.    PURPOSES AND LIMITATIONS

23   Disclosure and discovery activity in this action are likely to involve production of

24   confidential, proprietary, or private information for which special protection from public disclosure

25   and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly,

26   the parties hereby stipulate to and petition the court to enter the following Stipulated Protective

27   Order.  The parties acknowledge that this Order does not confer blanket protections on all

28   disclosures or responses to discovery and that the protection it affords from public disclosure and use

Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL 60601-9703

extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

2.     DEFINITIONS

2.1     Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2     "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things which is (i) produced for or disclosed to a Receiving Party, and (ii) considered by a Producing or Designating Party to constitute or to contain trade secrets or other confidential information, including but not limited to, research, development, financial or commercial information, whether embodied in physical objects, documents, or the factual knowledge of persons, and which information has been designated in good faith by the Producing or Designating Party as "Confidential Information."

2.3     Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4 Intentionally left blank.

2.5     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.6     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to

Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL 60601-9703

discovery in this matter.

2.7    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.8    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9    House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11    Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.12    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.14    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.16    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL 60601-9703

Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL 60601-9703

3.      SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.      DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.      DESIGNATING PROTECTED MATERIAL

5.1      Exercise of Restraint and Care in Designating Material for Protection.  Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

5

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2   <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY

Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL 60601-9703

6

Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL 60601-9703

CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b)      for deposition testimony that a party believes qualifies in whole or in part for treatment as Confidential Information or Highly Confidential Outside Counsel Only Information shall be appropriately designated either as set forth in Paragraph 10 at the time of the deposition and by written notice to all counsel of record no later than thirty (30) days after receipt of the deposition testimony specifying the page and line number of the Designated Material.  If more than one designation is provided for the deposition testimony or deposition exhibit, the highest level of confidentiality controls.  Prior to the expiration of the thirty (30) day period, all material in deposition transcripts shall be treated as Highly Confidential Outside Counsel Only Information. After the expiration of the thirty (30) day period, all deposition testimony not designated as set forth in Paragraph 10 will be deemed public information.  The party claiming confidentiality for any deposition, transcript, or portion thereof, or any deposition exhibit, shall notify the reporter to label the relevant portion(s) of the transcript and exhibit(s):  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL OUTSIDE COUNSEL ONLY."

Parties shall give the other parties notice if they reasonably expect a deposition to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    Meet and Confer.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3    Judicial Intervention.  If the Parties cannot resolve a challenge without court intervention, the Challenging Party may within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute apply to the Court for relief, with the burden on the

8

Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL 60601-9703

1   Designating or Producing Party or third party to establish the appropriateness of its designation.

2   Any such disputed items shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

3   ATTORNEYS' EYES ONLY," as designated, and subject to the protections of this Order unless and

4   until the Court determines otherwise. Each such motion must be accompanied by a competent

5   declaration affirming that the movant has complied with the meet and confer requirements imposed

6   in the preceding paragraph. Failure by the Challenging Party to make such a motion including the

7   required declaration within 14 days shall automatically waive the confidentiality challenge

8   7.      ACCESS TO AND USE OF PROTECTED MATERIAL

9          7.1      Basic Principles.  A Receiving Party may use Protected Material that is disclosed or

10  produced by another Party or by a Non-Party in connection with this case only for prosecuting,

11  defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to

12  the categories of persons and under the conditions described in this Order. When the litigation has

13  been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL

14  DISPOSITION).

15         Protected Material must be stored and maintained by a Receiving Party at a location and in a

16  secure manner that ensures that access is limited to the persons authorized under this Order.

17         7.2      Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered

18  by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any

19  information or item designated "CONFIDENTIAL" only to:

20         (a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of

21  said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for

22  this litigation;

23         (b) the officers, directors, and employees (including House Counsel) of the Receiving Party

24  to whom disclosure is reasonably necessary for this litigation and who have signed the

25  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

26         (c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is

27  reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement

28  to Be Bound" (Exhibit A);

Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL 60601-9703

1   (d) the court and its personnel;

2   (e) court reporters and their staff, professional jury or trial consultants, and Professional

3   Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the

4   "Acknowledgment and Agreement to Be Bound" (Exhibit A);

5   (f) during their depositions, witnesses in the action to whom disclosure is reasonably

6   necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A),

7   unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed

8   deposition testimony or exhibits to depositions that reveal Protected Material must be separately

9   bound by the court reporter and may not be disclosed to anyone except as permitted under this

10   Stipulated Protective Order.

11   (g) the author or recipient of a document containing the information or a custodian or other

12   person who otherwise possessed or knew the information.

13   7.3   Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

14   Information or Items.   Unless otherwise ordered by the court or permitted in writing by the

15   Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY

16   CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

17   (a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of

18   said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for

19   this litigation;

20

21   7.3(b) Intentionally left blank.

22

23

24

25

26

27

28

10

(c) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, and (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.[1]

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that

---

[1] The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

11

Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL 60601-9703

court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)      The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)      In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.      promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.      promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.      make the information requested available for inspection by the Non-Party.

(c)      If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.[2] Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

---

[2] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL 60601-9703

10.     UNAUTHORIZED  DISCLOSURE OF PROTECTED  MATERIAL

        If a Receiving  Party learns  that, by inadvertence  or otherwise,  it has disclosed  Protected

Material  to any person  or in any circumstance  not authorized  under this Stipulated  Protective  Order,

the Receiving  Party must immediately  (a) notify  in writing  the Designating  Party of the unauthorized

disclosures,  (b) use its best efforts  to retrieve  all unauthorized  copies of the Protected Material,  (c)

inform  the person  or persons  to whom  unauthorized  disclosures  were made of all the terms of this

Order, and (d) request  such person  or persons  to execute  the "Acknowledgment  and Agreement  to

Be Bound"  that is attached  hereto as Exhibit  A.

11.     INADVERTENT  PRODUCTION  OF PRIVILEGED  OR OTHERWISE  PROTECTED

MATERIAL

        When a Producing  Party gives  notice  to Receiving  Parties  that certain  inadvertently  produced

material  is subject  to a claim of privilege  or other protection,  the obligations  of the Receiving  Parties

are those set forth  in Federal  Rule of Civil  Procedure  26(b)(5)(B).  This provision  is not intended  to

modify  whatever  procedure  may be established  in an e-discovery  order that provides  for production

without  prior privilege  review.  Pursuant  to Federal  Rule of Evidence  502(d) and (e), insofar  as the

parties  reach an agreement  on the effect of disclosure  of a communication  or information  covered by

the attorney-client  privilege  or work product  protection,  the parties  may incorporate  their agreement

in the stipulated  protective  order submitted  to the court.

13.     MISCELLANEOUS

        13.1    Right  to Further  Relief.   Nothing  in this Order abridges  the right  of any person  to seek

its modification  by the court in the future.

        13.2    Right  to Assert Other Objections.   By stipulating  to the entry of this Protective  Order

no Party waives  any right  it otherwise  would  have to object to disclosing  or producing  any

information  or item on any ground  not addressed  in this Stipulated  Protective  Order.  Similarly,  no

Party waives  any right  to object on any ground  to use in evidence  of any of the material  covered by

this Protective  Order.

        13.3    Export  Control.   Disclosure  of Protected  Material  shall be subject  to all applicable

laws and regulations  relating  to the export of technical  data contained  in such Protected Material,

Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL 60601-9703

13

including the release of such technical data to foreign persons or nationals in the United States or elsewhere. The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance.

13.4    <u>Filing Protected Material</u>. All documents of any nature, including briefs, which contain information that has been designated either as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL OUTSIDE COUNSEL ONLY" shall be filed under seal in accordance with the provisions of the United States District Court for the District of Nevada's Electronic Filing Procedures, as revised August 24, 2006 (the "Procedures") and Local Rule 10-5 which shall include filing a cover sheet through CM/ECF indicating that the document is being filed under seal. The parties shall be deemed to have complied with Local Rule 10-5(b) when filing documents under seal that are covered by this Order. All such documents so filed shall be released from confidential treatment by the Court only upon further order of the court.

The parties filing any brief, memorandum, motion, letter or other document (a "Filing") under seal with the Court because that Filing would disclose information from a document that is not otherwise required to be filed under seal pursuant to the provisions of this Order shall comply with the provisions of Section (G) of the Procedures, including without limitation the provisions governing the filing of a copy of the Filing for public inspection within seven (7) days.

13.5    All deadlines herein are calculated using calendar days. If a deadline occurs on a weekend of federal holiday, the deadline shall be calculated as the next non-holiday weekday.

14.    <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material

Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL 60601-9703

14

that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

DATED: March 12, 2013

By:   /s/ Kimball R. Anderson
    Kimball R. Anderson (admitted *pro hac vice*)
    Howard I. Shin (admitted *pro hac vice*)
    WINSTON & STRAWN LLP

DATED: March 12, 2013

By:   /s/ Marie Martin Kerr
    Marie Martin Kerr, Esq., Bar No. 7808
    KERR IP GROUP LLC
    1695 Meadow Wood Lane, Suite 200

Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL 60601-9703

15

35 West Wacker Drive
Chicago, IL, 60601

James J. Pisanelli,  Esq.,  Bar No. 4027
Christopher  R. Miltenberger,  Esq.,  Bar No.
10153
Eric  T. Aldrian,  Esq.,  Bar No. 11897
PISANELLI BICE PLLC
3883 Howard Hughes Parkway, Suite 800
Las Vegas, Nevada 89169

*Attorneys for Plaintiff SHFL entertainment,
Inc.*

Reno, Nevada 89502

*Attorney for Defendant DigiDeal
Corporation*

IT IS SO ORDERED:

_____

UNITED  STATES  MAGISTRATE  JUDGE

DATED: ___5-24-2013_____

CASE NO. 2:12-cv-01782-GMN-VCF

Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL 60601-9703

16

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the District of Nevada on _____ [date] in the case of *SHFL entertainment, Inc. v. DigiDeal Corporation*, Case No. 2:12-cv-01782-GMN-VCF. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Nevada for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

[printed name]

Signature: _____

[signature]

17