# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

SHFL ENTERTAINMENT, INC, )
)
            Plaintiff, )    Case No.: 2:12-cv-01782-GMN-VCF
vs. )
) **ORDER**
DIGIDEAL CORPORATION, )
)
            Defendants. )
)

Pending before the Court is the Motion to Dismiss (ECF No. 10) filed by Defendant Digideal Corporation ("Defendant"). Plaintiff SHFL Entertainment, Inc. ("Plaintiff") filed a Response (ECF No. 18) and Defendant filed a Reply (ECF No. 25). Also pending before the Court is Defendant's Motion for Hearing on Defendants Motion to Dismiss. (ECF No. 30.) Finally, pending before the Court is Plaintiff's Motion to Amend/Correct Complaint. (ECF No. 63.)

**I.    BACKGROUND**

This case arises from Defendant's alleged infringement of United States Patent No. 6,651,982 ("the '982 Patent"), titled "Card Shuffling Apparatus With Integral Card Delivery," and United States Patent No. 7,523,935 ("the '935 Patent"), titled "Card Shuffling Apparatus With Integral Card Delivery" (collectively, "the Asserted Patents"). (Compl. ¶¶ 6, 7, ECF No. 1.) *See generally* United States Patent No. 6,651,982 (filed Apr. 23, 2002); United States patent No. 7,523,935 (filed Oct. 15, 2003).

Plaintiff is "a global gaming supplier based in Clark County, Nevada that . . . manufactures, sells, and leases gaming products including automatic card shufflers, proprietary table games, electronic table games, video slot machines (not for sale in North America), deck

verification devices, card delivery dispensers, and roulette chip sorters." (Compl. ¶ 8.) The card shuffler technology incorporated in many of Plaintiff's card shuffler products, including the *Deck Mate* and the *Deck Mate 2*, is an embodiment of the claims of the Asserted Patents. (Compl. ¶¶ 10, 11.)

Defendant also "manufactures and markets gaming equipment including at least marketing an automatic card shuffler known as the DigiShuffle." (Compl. ¶ 12.) In the Complaint, Plaintiffs allege that, "[o]n September 24, 2012, SHFL provided notice to DigiDeal that the DigiShuffle appeared to have features similar to those found in and encompassed by, among others, the claims of the Asserted Patents." (Compl. ¶ 13.) Plaintiff further alleges that it explained to Defendant that Plaintiff's *Deck Mate* product was patented. (*Id.*) Additionally, Plaintiff asserts that Defendant exhibited the accused device "at the annual Global Gaming Expo ("G2E") in Clark County, Nevada, where the DigiShuffle was displayed, used, and offered for sale to potential customers" and that, "[s]ince G2E, DigiDeal has continued to offer for sale the DigiShuffle in the United States." (Compl. ¶ 14.)

As a result of these events, Plaintiff initiated this action on October 10, 2012 alleging one cause of action for patent infringement. (Compl.) In response, Defendant filed the instant Motion to Dismiss, (ECF No. 10), and the Motion for Hearing, (ECF No. 30). Thereafter, Plaintiff filed its Motion to Amend/Correct the Complaint seeking to add newly discovered information that Defendant manufactures the accused device as an instance of infringement of the Asserted Patents. (ECF No. 63.) For the reasons discussed below, the Court DENIES Defendant's motions and GRANTS Plaintiff's motion.

## II.     DEFENDANT'S MOTION TO DISMISS

### A.     Legal Standard

"A motion to dismiss for failure to state a claim upon which relief can be granted is a purely procedure question not pertaining to patent law." *McZeal v. Sprint Nextel Corp.*, 501

F.3d 1354, 1355-56 (Fed. Cir. 2007). Accordingly, this Court applies the law of the regional circuit, the Ninth Circuit, when analyzing whether a Complaint alleging patent infringement states a valid claim. *Id.* at 1356.

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added).

A court may also dismiss a complaint pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with Federal Rule of Civil Procedure 8(a). *Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1129 (9th Cir.2008). Rule 8(a)(2) requires that a plaintiff's complaint contain *only* "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

**B.   Discussion**

Courts generally analyze whether a complaints alleging patent infringement is sufficient

to survive a Motion to Dismiss for failure to state a claim by comparing the complaint against Form 18 of the Federal Rules of Civil Procedure.[1] *See K-Tech Telecomm., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1283 (Fed. Cir. 2013) (applying the Ninth Circuit law in reversing a district court's grant of a motion to dismiss); *see also In re Bill of Lading Transmission and Processing Sys. Patent Litigation*, 681 F.3d 1323, 1333-34 (Fed. Cir. 2012) (noting that *Twombly* and its progeny "address[ed] the civil pleading standards in a variety of civil contexts," none of which "address[ed] the sufficiency of a complaint alleging patent infringement or causes of action for which there is a sample complaint in the Appendix of Forms to the Federal Rules of Civil Procedure"). Indeed, the sample complaint in Form 18 of the Appendix of Forms governs this case because Rule 84 of the Federal Rules of Civil Procedure provides that "[t]he forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate." Fed. R. Civ. P. 84.

Form 18 requires only "(1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant has been infringing the patent 'by making, selling, and using [the device] embodying the patent'; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages." *K-Tech Telecomm., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1283 (Fed. Cir. 2013) (quoting *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007)).

In this case, Plaintiff has satisfied the requirements of Form 18. First, Plaintiff's Complaint states that the Court "has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a)." (Compl. ¶ 3, ECF No. 1.) Second, Plaintiff asserts that it owns the two asserted

---

[1] To the extent Defendant asserts that *Twombly* and its progeny rendered Form 18 inadequate, Supreme Court precedent clearly establishes the fallacy of this argument. *See Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993). Specifically, in *Leatherman*, the Supreme Court expressly stated that any changes to the Federal Rules of Civil Procedure "must be obtained by the process of amending the Federal Rules, and not by judicial interpretation." 507 U.S. at 168; *see also K-Tech Telecomm., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1383-84 (Fed. Cir. 2013) (applying Ninth Circuit law and stating that "[a]ny criticism . . . regarding the sufficiency of the forms themselves is strictly proscribed by Supreme Court precedent.").

patents, United States Patent No. 6,651,982 and United States Patent No. 7,523,935. (*Id.* ¶¶ 6,7.) Third, Plaintiff alleges that Defendant "has infringed, and continues to infringe, the Asserted Patents by using and offering to sell the DigiShuffle, which embodies the claims of the Asserted Patents, in violation of 35 U.S.C. § 271." (*Id.* ¶ 16.) Fourth, Plaintiff's Complaint states that "[o]n September 24, 2012, SHFL provided notice to DigiDeal that the DigiShuffle appeared to have features similar to those found in and encompassed by, among others, the claims of the Asserted Patents." (*Id.* ¶ 13.) Finally, Plaintiff asserts that Defendant's acts of infringement caused Plaintiff damage, (*id.* ¶ 17), and that, under Rule 65, Plaintiff is entitled to a permanent injunction, (*id.* ¶ 18).

Defendant also asserts that Plaintiff failed to adequately plead its request for enhanced damages because of Plaintiff's willful infringement. Specifically, Defendant argues that "[e]nhanced damages are subject to the heightened pleading standard under Fed. Rule [sic] Civ. Proc. [sic] 9(b)." (Mot. to Dismiss 2:16-23, ECF No. 10.) However, the cases that Defendant cites for this proposition relate to the standard of proof, rather than the pleading standard for willful infringement. *See, e.g.*, *Oracle Corp. v. DrugLogic, Inc.*, 807 F. Supp. 2d 885, 902-03 (N.D. Cal. 2011) (observing that the standard for willful infringement announced in *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007), "did not substantively alter the pleading requirements for a willful infringement claim."). In contrast to Defendant's argument, Plaintiff's Complaint states sufficient facts to support a claim for willful infringement. Specifically, Plaintiff asserts that Defendant was on notice of Plaintiff's patents and that the features of Defendant's device were "similar to those found in and encompassed by, among others, the claims of the Asserted Patents." (Compl. ¶ 13.) Plaintiff further alleges that, despite giving Defendant notice of the Asserted Patents, Defendant "exhibited its product at the annual Global Gaming Expo ("G2E") in Clark County, Nevada, where the [accused device] was displayed, used, and offered for sale to potential customers. Since G2E, DigiDeal has

continued to offer for sale the DigiShuffle in the United States." (*Id.* ¶ 14.)

For these reasons, the Court finds that Plaintiff's Complaint states sufficient allegations to survive Defendant's Motion to Dismiss. Accordingly, Defendant's Motion to Dismiss is DENIED.

### III. PLAINTIFF'S MOTION TO FILE AN AMENDED COMPLAINT

#### A. Legal Standard

Once the time period in Rule 15(a)(1) of the Federal Rules of Civil Procedure to amend as a matter of course has passed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). However, Rule 15(a)(2) further instructs that courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

#### B. Discussion

Here, Plaintiff filed the instant Motion to Amend approximately one month after learning at a July 24, 2013 deposition that Defendant manufactures the accused device in the United States. (Mot. to Amend 3:3-9, ECF No. 63.) Thus, the Court finds no evidence of undue delay or bad faith. Second, given the Court's finding that Plaintiff's original complaint survives Defendants' Motion to Dismiss, the amendment is certainly not futile. Finally, despite Defendant's opposition, the Court finds that Defendant will not be unduly prejudiced by virtue of the allowance of the amendment.

Defendant asserts that allowing amendment this close to the claim construction hearing will result in undue prejudice. This argument is unavailing. The Court reminds Plaintiff that

patent infringement actions generally require two distinct steps. First, the Court engages in the claim construction analysis only to "determin[e] the meaning and scope of the patent claims asserted to be infringed." *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 976 (Fed. Cir. 1995). Only once the Court properly construes the claims does the action proceed to determining whether the asserted patent is infringed. Because the additional information included in Plaintiff's Proposed Amended Complaint relates to an additional act of infringement of the same Asserted Patents, the Court finds that Defendant will not suffer undue prejudice by virtue of allowing Plaintiff's Amended Complaint. Accordingly, Plaintiff's Motion to Amend is GRANTED.

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (ECF No. 10) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Hearing (ECF No. 30) is **DENIED as MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend/Correct Complaint (ECF No. 63) is **GRANTED**.

**DATED** this 20th day of September, 2013.

_____
Gloria M. Navarro
United States District Judge